Filed 5/14/14  P. v. Bauer CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064208 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS230471) |
| MICHAEL RAYMOND BAUER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Bauer contends the court erred in refusing to reinstate probation after the court revoked his probation for a violation of his probation conditions. We conclude the court did not abuse its discretion and affirm.[1]

FACTUAL AND PROCEDURAL BACKGROUND

In April 2009, Bauer put his hands down the pants of a seven-year-old boy and touched the boy's penis. This incident occurred in the bathroom of a fast food restaurant while the boy's mother was waiting outside the restroom. Shortly after, Bauer was arrested and charged with one count of lewd and lascivious conduct. (Pen. Code, § 288, subd. (a).)

Bauer entered a guilty plea to the lewd conduct offense under a plea agreement. He admitted he "willfully and lewdly touch[ed] the private part [of the child] with the intent to sexually arouse the minor or myself." The court (Judge Melinda Lasater) suspended imposition of sentence, and placed Bauer on five years' formal probation with certain conditions, including not associating with minors and "[not] be[ing] in places where minors congregate, unless with an adult approved by the probation officer." Bauer was also required to register as a sex offender. At the conclusion of the hearing, Bauer was released from custody.

About six weeks later, Bauer was charged with violating his probation. As detailed below, the charge was triggered by Bauer's admission that he had recent physical

---

1    This court has ruled on different aspects of this case in two prior opinions. (See *People v. Bauer* (2012) 212 Cal.App.4th 150 (*Bauer II*); *People v. Bauer* (Feb. 7, 2012, D059255) [nonpub. opn.].)

contact (wrestling or roughhousing) with a young boy. One month later, the court held a

probation revocation hearing. Bauer represented himself at this hearing and was not

advised of his right to counsel. After the hearing, the court found that Bauer violated his

probation condition by " 'roughhousing' " and having physical contact with a young boy.

(*Bauer II, supra*, 212 Cal.App.4th at pp. 154-155.) The court sentenced Bauer to the

middle term of six years in state prison, and denied Bauer's request to reinstate the

probation. (*Id.* at p. 155.)

On appeal, Bauer contended he was denied his right to counsel at the probation

revocation and sentencing hearings. In a published opinion, we held the court erred in

failing to inform Bauer of his right to counsel at these hearings and to obtain a knowing

waiver of this right. (*Bauer II, supra*, 212 Cal.App.4th at pp. 155-160.) We

conditionally reversed the judgment, concluding that if Bauer exercises his right to

counsel on remand, the court shall hold new probation revocation and sentencing

hearings. (*Id.* at pp. 160-162.)

On remand, Bauer exercised his right to counsel. At the new probation revocation

hearing, Bauer's counsel stated that Bauer was prepared to admit the violation,

specifically that he had physical contact with a minor and this contact violated the

probation condition. In response to the court's questions, Bauer confirmed he wanted to

waive his right to a hearing on the probation violation. The court then set the matter for

sentencing.

Before the sentencing hearing, Bauer's counsel submitted a sentencing

memorandum requesting that the court reinstate probation or impose only the low term

3

for the offense.  Defense counsel attached a letter written by Bauer in which he explained in detail the specific steps he would take to successfully complete probation and submitted certificates showing he had recently completed "Advanced Mindfulness" and "Applied Mindfulness" classes while in jail.

The prosecutor submitted the various probation reports and a diagnostic study performed by the Department of Corrections and Rehabilitation.  In the April 2011 diagnostic study, the correctional counselor concluded that Bauer was an "unsuitable candidate" for probation and recommended against probation.  The counselor discussed the facts of the offense (Bauer "fondled [the young boy's] penis under his pants and underwear, skin to skin"); Bauer's lengthy criminal history reflecting a "pattern of public nuisance and criminal behavior"; and the nature of the current probation violation that presented substantial public safety concerns similar to the underlying offense.  The counselor stated that "Mr. Bauer . . . has been granted probation in the past with minimal success.  Without action taken to address Mr. Bauer's [criminal behavior], it is certain the pattern of misbehavior will continue and further endanger the public."  In an attached psychological study, a clinical psychologist who examined Bauer concluded that Bauer "**represents a high risk of reoffending**."  She noted that Bauer has not performed well under supervision, has difficulty following rules and dealing with authority figures, and has chronic mental health issues.

A probation report detailed the facts relating to Bauer's violation of the probation condition.  According to the report, about six weeks after Bauer was placed on probation, Bauer went to the Escondido police department to register as a sex offender.  While he

4

was there, Bauer told one of the detectives that he planned to have contact with a homeless family including an eight-year-old boy and wanted to know whether that would violate his probation conditions. The detective then called Bauer's probation officer, Kirk Palmer, who spoke on the phone with Bauer. Palmer told Bauer that his probation conditions prohibited all contact with minors, but Bauer disagreed with this statement. Bauer then left the police department without completing his sex offender registration, and Bauer later telephoned Palmer and said he was going to kill himself.

Within days, Bauer admitted to his probation officer that he had contact with the homeless minor on several occasions, and admitted to "'wrestling'" with the minor. Bauer said he was helping members of the minor's family who were receiving services from the same homeless agency that was providing assistance to Bauer. Bauer said other individuals who saw the wrestling-type conduct expressed concern to the minor's mother, but that the mother did not see any problem with Bauer's conduct and said Bauer "has a kind heart."

At the sentencing hearing, Bauer's counsel urged the court to provide Bauer with another opportunity to succeed on probation and identified numerous facts supporting this request. These facts included: (1) the probation violation did not involve a molestation and neither the child nor the family complained about the contact; (2) Bauer has mental health issues; (3) Bauer now has more insight into his behavior after spending time in jail; (4) Bauer successfully completed the "Mindfulness" jail classes; (5) Bauer's letter reflects a detailed and specific plan showing he would and could comply with probation conditions; and (6) Bauer is willing to see a psychologist and take his

5

medication during his probation. Defense counsel alternatively asked for the court to impose the low term, noting there was no evidence that the conduct underlying the crime (touching the penis of the young boy) was "traumatizing" to the seven-year-old victim.

In response, the prosecutor argued that probation was inappropriate because the "probation violation didn't deal simply with missing an appointment, not attending counseling . . . . It was having physical contact with a boy where the underlying crime was one of child molestation." The prosecutor also said that Bauer "was on . . . six grants of summary probation from numerous misdemeanor and infraction-type of cases . . . spanning several years." The prosecutor asserted that "Mr. Bauer is simply not capable of complying with the terms of probation, certainly not with the serious terms of probation that are imposed in a case like this." The prosecutor also urged the court to reject the lower term, given the circumstances of the crime: "It's a scary situation for the boy in that bathroom to be alone and for something like this to happen to him. The impact on him and his mother, I think, is undeniable. . . . [¶] It was more of an invasive skin-to-skin type of contact which does not put this in the lower end of punishment."

After considering the arguments and the submitted documents, the court denied probation and imposed the six-year middle term. The court explained that it was required to accept the truth of the guilty plea in which Bauer admitted to touching the penis of a seven-year-old boy while the boy was in a public restroom. The court also discussed that during Bauer's recent probation, several bystanders "had been disturbed and warned the family" about Bauer's conduct toward another young boy. The court said that Bauer is intelligent and seems to be working hard to improve himself, but that "[e]ven . . . with all

6

the strides he has made," probation was not appropriate for public protection reasons. The court concluded: "[In] coming to the sentencing today, I was leaning to low term. [But] I've spent a lot of time with [this case]. . . . I've just given it a lot of thought, and . . . I have considered everything. . . . I believe you are sincere. I really do. I actually think kind of highly of you and your intelligence and the strides you've made. [¶] It's just that I don't think you get it and I just think for protection and for appropriate punishment, I think the midterm is appropriate."

## DISCUSSION

### I. *Legal Principles*

A court is authorized to revoke probation if the court finds the person has violated a probation condition and "if the interests of justice so require." (Pen. Code, § 1203.2, subd. (a); see *People v. Urke* (2011) 197 Cal.App.4th 766, 772.) The prosecutor must show the violation by a preponderance of the evidence and that the violation was willful. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 440-447; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982.) The focus of the analysis is on the defendant's performance on probation: "(1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct?" (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.)

A trial court is vested with broad discretion in determining whether to reinstate probation following probation revocation. (See *People v. Rodriguez, supra*, 51 Cal.3d at p. 445; *People v. Kelly* (2007) 154 Cal.App.4th 961, 965; *People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.) The court's decision is reviewed for an abuse of discretion.

" '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.'. . ." (*Rodriguez, supra*, at p. 443.)

## II. *Analysis*

At the probation revocation hearing, Bauer admitted that he violated the probation condition prohibiting contact with minors. He thus does not challenge the sufficiency of the evidence supporting the court's probation revocation finding. But he contends the trial court abused its discretion by refusing to reinstate probation.

On our review of the entire record, we conclude the court acted well within its discretion. Bauer's probation violation was very concerning because the underlying offense was lewd conduct with a seven-year-old boy; Bauer was specifically told by the trial judge who initially granted probation that he should not have contact with minors; and within weeks of being released on probation, Bauer admitted to having physical contact with a young boy and having multiple contacts with the boy and his family. Further, Bauer has a lengthy history of criminal conduct. Although the prior crimes were not serious, they reflected Bauer's inability to follow rules and refrain from illegal activities.

The court made clear that it carefully considered the totality of the circumstances, including the evidence that Bauer was working to improve his behavior, but concluded that for public safety reasons, it would not be appropriate to reinstate probation. The court's conclusion was supported by the factual record, the diagnostic report, the prior probation reports, and the psychological study. There was no abuse of discretion.

In urging us to find an abuse of discretion, Bauer highlights various factors, including: (1) he has no history of child molestation; (2) his view that the probation violation incident arose from the fact that he is "gregarious and friendly" and was merely attempting to help a homeless family; (3) during his probation, he was unsure about the scope of the no-contact probation condition; (4) the violation occurred shortly after he was released and thus he was not given a real chance at succeeding at probation; and (5) he has a chronic mental illness and thus deserves a "second chance at probation."

In asserting these arguments, Bauer is essentially asking us to reweigh the evidence. This is not the proper role of an appellate court. This court does not reevaluate the relevant factors or substitute its judgment for that of the trial court. "We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the [issue].' " (*People v. Downey* (2000) 82 Cal.App.4th 899, 910.)

There was substantial evidence in the record showing Bauer would not or could not comply with his probation conditions and that granting probation would create a public safety risk. On this record, Bauer has not demonstrated the trial court's refusal to reinstate probation was an abuse of discretion.

DISPOSITION

Judgment affirmed.


 

 

                                                                                     _____

                                                                                                     HALLER, J.

WE CONCUR:


 

_____

             McCONNELL, P. J.


 

_____

                      IRION, J.