Filed 4/24/15  P. v. Goran CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MEHRAN GORAN,<br><br>    Defendant and Appellant. | D065609<br><br><br>(Super. Ct. No. SCD245713) |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Robert H. Rexrode, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Mehran Goran of a misdemeanor charge of resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) and acquitted him of a felony charge of resisting an executive officer (Pen. Code, § 69). The trial court sentenced him to 365 days in jail.

Goran appeals, contending the trial court violated his federal constitutional right to counsel by not readvising him of the right to counsel and obtaining a renewed waiver of it from him when the prosecutor amended the information to add the resisting a peace officer charge. We are unpersuaded by this contention and affirm the judgment.

BACKGROUND

Goran, representing himself, attempted to have a family court matter heard ex parte. When the court informed him his matter was not appropriate for an ex parte hearing, he became angry and began yelling. A deputy sheriff stepped in front of Goran and repeatedly directed him to stop yelling, gather his things, and step back from the counsel table. Goran repeatedly refused to leave even after the deputy informed him he would be arrested if he did not.

The deputy tapped Goran's arm, grabbed his hand and pulled him out of the counsel chair. Using a closed fist, Goran struck the deputy's wrist at least twice to break the deputy's grip. The deputy then attempted to take Goran to the ground to arrest him, but Goran fought the deputy. Another deputy arrived to assist and tasered Goran, without effect. Working together, the two deputies pushed Goran to the ground where he continued fighting. The second deputy tasered him again and he capitulated. The

2

incident lasted about 20 seconds from the time the first deputy pulled Goran out of the chair to the time of Goran's arrest.

A few days after the incident, the People charged Goran with resisting an executive officer. Approximately a week later, the trial court granted Goran's request for self-representation. Several months later, the court conducted a jury trial on the charge. The court declared a mistrial after the jury was unable to reach a verdict.

The following day, the People offered to allow Goran to plead guilty to the lesser charge of resisting a peace officer. The charge had previously been discussed during the jury instruction conference in the first trial. After receiving the offer, Goran took a week to investigate the charge and ultimately rejected the offer because he believed he was not guilty of anything.

On the day of the retrial, the trial court began the proceedings by allowing Goran to argue his pretrial motions at length. Twice during his arguments, he stated he wanted to defend himself. Before the court ruled on his motions, the People filed an amended information adding the lesser charge. The trial court gave Goran an opportunity to read the amended information, after which Goran concluded his arguments on his motions. The trial court denied Goran's pretrial motions, then arraigned him on the amended information by reading both charges to him, informing him of the maximum penalty for each charge, and accepting and entering his not guilty pleas.

## DISCUSSION

Goran contends we must reverse the judgment on the ground he did not knowingly and voluntarily waive his right to counsel as to the lesser charge. Goran bases this

3

contention on the trial court's failure to readvise him of the detriments of self-representation and his increased custodial exposure when the People amended the information to add the charge. "On appeal, we review the entire record, including proceedings after the invocation of the right to self-representation, and determine de novo whether the defendant's waiver of the right to counsel was knowing and voluntary." (*People v. Conners* (2008) 168 Cal.App.4th 443, 454.)

We have previously concluded a trial court has no "obligation to readvise the defendant of the right to counsel at each hearing or each stage of the same criminal proceeding, absent a specific statute requiring readvisement." (*People v. Bauer* (2012) 212 Cal.App.4th 150, 157, citing *People v. Crayton* (2002) 28 Cal.4th 346, 359-363; *People v. Goodwillie* (2007) 147 Cal.App.4th 695, 723.) Goran has not identified nor have we located any statute requiring readvisement in the present circumstances.

Moreover, we have previously rejected a contention nearly identical to Goran's in *People v. Harbolt* (1988) 206 Cal.App.3d 140, 144, 149 (*Harbolt*). Contrary to Goran's assertion, the United States Supreme Court's decision in *Iowa v. Tovar* (2004) 541 U.S. 77 (*Tovar*) does not undermine our decision in *Harbolt*. *Tovar* addressed whether a knowing, voluntary, and intelligent waiver of the federal constitutional right to counsel requires a trial court, before accepting a defendant's guilty plea, to: "(1) advise the defendant that 'waiving the assistance of counsel in deciding whether to plead guilty [entails] the risk that a viable defense will be overlooked'; and (2) 'admonis[h]' the defendant 'that by waiving his right to an attorney he will lose the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead

4

guilty'?" (*Id.* at pp. 81, 91-92, 94.) *Tovar* concluded the federal Constitution did not require either advisement. (*Id*. at p. 81.) *Tovar* did not address whether and when a trial court must readvise a self-represented defendant of his right to counsel and obtain a further waiver of the right. Consequently, it is inapposite here.

We acknowledge that, in reaching its conclusion, the court in *Tovar* held the constitutional requirements for a knowing and intelligent waiver of the right to counsel in the context of a guilty plea hearing are "satisfied when [, as occurred there,] the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." (*Tovar*, *supra*, 541 U.S. at p. 81.) However, the court did not state these advisements were constitutional minimums or that its holding applied outside the guilty plea context.[1]

To the contrary, the court reaffirmed it has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." (*Tovar*, *supra*, 541 U.S. at p. 88.) Instead, the court's decisions indicate, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." (*Ibid.*)

---

[1]    In this respect, the decision in *Arrendondo v. Neven* (9th Cir. 2014) 763 F.3d 1122, at pages 1131 through 1132, overstates the court's holding and Goran's reliance on it is misplaced.

The court further explained, " '[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it.' " (*Tovar*, *supra*, 541 U.S. at p. 92.) A defendant's lack of a full and complete appreciation of all the consequences of his waiver does not preclude the information provided to the defendant from satisfying the constitutional minimum. (*Ibid.*)

Here, the parties do not dispute Goran knowingly and voluntarily waived his right to counsel at the outset of the case. At no place in the record is there any indication he ever faltered in his choice. In fact, twice during the same hearing in which the People amended the information, he stated he wanted to defend himself.

Although Goran now claims he did not understand the nature of the lesser charge, the record belies this claim. The People amended the information to add the lesser charge after the charge had been discussed in the first trial and was offered to and investigated by Goran as part of plea negotiations between the first and second trial. The lesser charge had the same factual foundation as the greater charge and, as pleaded, was necessarily included in the greater charge. (*People v. Smith* (2013) 57 Cal.4th 232, 243.) Immediately after the People filed the amended information to include the lesser charge, Goran complained because he had been offered and had rejected it as part of the proposed plea agreement and felt he was being forced to accept it. Later the same day, before jury selection, he discussed the differing mental states for the two charges, expressing concern the lesser charge would be easier for the People to prove.

6

The record also belies Goran's claim he did not know he faced increased custodial exposure from the new charge. The sentencing ranges for both charges appeared on the face of the amended information, which the trial court gave him time to read, and the trial court specifically informed him of the maximum punishment for each charge. Because the specific factors of this case indicate that, at the time the People amended the information, Goran understood the nature of his right to counsel, its general application in the circumstances, the nature of the charges, and the general consequences of his waiver, Goran has not established the trial court erred by failing to readvise him of the right and obtain a renewed waiver of it.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

7