Filed 8/19/24  P. v. Muro CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084020 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB1204121) |
| GILBERT MURO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  Reversed and remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Appellant and Defendant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Randall D. Einhorn, Arlene A. Sevidal, and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Gilbert Muro appeals the trial court's denial of his request for a *Franklin* proceeding to preserve youth-related mitigating evidence relevant to his parole suitability, and his related request for the appointment of counsel. (*People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).)[1] Additionally, Muro asserts he should be given the opportunity on remand to argue he is eligible for the discretionary resentencing procedure under recently enacted Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) (Stats. 2023, ch. 446).

The Attorney General concedes Muro is eligible for a *Franklin* proceeding under Penal Code section 4801, subdivision (c),[2] and that he is entitled to the appointment of counsel to represent him during the proceedings. However, it disagrees with Muro's contention that he is eligible for resentencing under Assembly Bill 600. The Attorney General additionally contends that regardless of Muro's eligibility for relief under Assembly Bill 600, his claim is an improper request for an advisory opinion from this court because he has not yet raised his claim in the trial court.

---

[1]    Although Muro refers to the *Franklin* proceeding as a "hearing" in his briefing on appeal, our high court has described the process as a "proceeding" rather than a hearing. (*See In re Cook* (2019) 7 Cal.5th 439, 449, fn. 3 (*Cook*) ["*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' "].)

[2]    Penal Code section 4801, subdivision (c) provides: "[w]hen a prisoner committed his or her controlling offense . . . when he or she was 25 years of age or younger, the [Board of Parole Hearings], in reviewing a prisoner[']s suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." Further unspecified statutory references are to the Penal Code.

As we shall discuss, we conclude Muro's contention related to Assembly Bill 600 is premature because the legislation was not in effect at the time of the order from which he appeals, and the record does not demonstrate that he made a request for such relief in the trial court. His claim amounts to a request for this court to issue an advisory opinion, which we may not do.[3] However, we agree with the parties that Muro is entitled to a *Franklin* proceeding, as well as the appointment of counsel to assist him during the proceeding. Accordingly, the order denying Muro's request for a *Franklin* proceeding is reversed, and the matter shall be remanded to afford Muro the opportunity to make a record of youth-related mitigating evidence for future parole hearings. The trial court is directed to appoint him counsel on remand.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

In 2013, Muro pleaded guilty to one count of second degree robbery (§ 211). Muro admitted he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)), and that he was previously convicted of a strike prior offense (§§ 1170.12, subds. (a)–(d), 667, subds. (a)–(i)). The trial court sentenced him to a stipulated term of 15 years in state prison. Muro was 24 years old at the time of the conviction offense.

In 2023, Muro filed a postjudgment motion that included several requests. First, citing to our high court's 2016 decision in *Franklin, supra,*

---

[3] As indicated in our discussion, we take no position on whether he is eligible for resentencing under Assembly Bill 600, or the manner in which the trial court should exercise its discretion in this regard.

[4] Muro's claims on appeal relate solely to the trial court's denial of his postjudgment request for a *Franklin* hearing, and we limit our discussion of the factual and procedural background accordingly.

Muro moved for a *Franklin* proceeding to establish a record of youth-related mitigating evidence.  Additionally, he requested a bifurcated trial pursuant to recent legislative changes to the criminal street gang enhancement under Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333).  Finally, Muro requested the appointment of counsel to assist him in the proceedings.

The trial court denied Muro's requests.  The court found he was "not eligible for [a] youth offender parole hearing," and therefore he was not entitled to a *Franklin* proceeding or the appointment of counsel.  The court also declined to grant Muro a bifurcated trial to determine the truth of the gang allegation that he admitted during his change of plea.  The court concluded that because Muro had resolved his case by plea, and "there was no trial, the bifurcation requirement for the gang allegation [was] not implicated," nor was the bifurcation requirement under Assembly Bill 333 "retroactive to cases that are final."

Muro timely appealed.

DISCUSSION

I.

*Muro Is Entitled to a Franklin Proceeding*

In 2013, the Legislature enacted Senate Bill No. 260 (2013–2014 Reg. Sess.) (Senate Bill 260) to "establish a parole eligibility mechanism . . . by which growth and maturity of youthful offenders can be assessed and a meaningful opportunity for release established."  (Stats. 2013, ch. 312, § 1.)  Senate Bill 260 added section 3051 and amended section 4801 to effectuate its purpose.  (Stats. 2013, ch. 312, §§ 4, 5.)  Under section 3051,

offenders 25 years and younger at the time of their controlling offense[5] are entitled to a youth offender parole hearing (YOPH) for early parole consideration. (§ 3051, subd. (a).)

In *Franklin*, our high court held that in anticipation of a YOPH, offenders are entitled to a proceeding in the trial court to "make a record of information relevant to [an] eventual [YOPH]." (*Franklin, supra*, 63 Cal.4th at p. 284.) "The goal of any such proceeding is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) . . . ." (*Ibid.*)

However, offenders convicted under California's "Three Strikes" law are statutorily ineligible for a YOPH. (§ 3051, subd. (h) ["This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i) . . . ."].) Nonetheless, our sister court in *People v. Delgado* (2022) 78 Cal.App.5th 95 (*Delgado*) extended the availability of *Franklin* proceedings to offenders who are otherwise statutorily ineligible for a YOPH due to their conviction under the Three Strikes law. The *Delgado* court relied on section 4801, subdivision (c), which states: "[w]hen a prisoner committed his or her controlling offense . . . when he or she was 25 years of age or younger, the [Board of Parole Hearings], in reviewing a prisoner[']s suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." Interpreting the statute's

_____

[5] A controlling offense is "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subd. (a)(2)(B).)

textual reference to section 3041.5,[6] the *Delgado* court concluded it was the Legislature's intent that "the criteria set forth in section 4801, subdivision (c) to apply broadly to all parole hearings, not just YOPHs." (*Delgado, supra*, at p. 103.) Thus, offenders who will not receive a YOPH remain entitled to a *Franklin* proceeding under section 4801, subdivision (c). (*Id.* at p. 104.)

Muro concedes his conviction under the Three Strikes law statutorily bars him from receiving a YOPH. However, the parties agree that because Muro was 24 at the time of the controlling offense, the Board of Parole Hearings will nonetheless be obliged to consider the youth-related criteria set forth in section 4801, subdivision (c), when determining his parole eligibility. Thus, pursuant to our sister court's decision in *Delgado, supra*, the parties assert the matter should be remanded to permit the trial court to conduct a *Franklin* proceeding.

Reviewing Muro's claim of eligibility for a *Franklin* proceeding pursuant to section 4801, subdivision (c) de novo, we agree with the court in *Delgado* that Muro is entitled to present evidence of youth-related mitigating evidence in the trial court for the purpose of his future parole hearings. (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 ["[T]he interpretation of a statute [is] a question of law that we review de novo."].) Here, Muro was 24 years old at the time of the controlling offense, and as the Attorney General remarks in its briefing on appeal, he did not make a record of youth-related mitigating evidence during his original sentencing. Accordingly, we shall reverse the court's order denying Muro's request for a *Franklin* proceeding.

---

[6] Section 3041.5 enumerates the procedures that are applicable in "all hearings" pertaining to an inmate's parole suitability. (§ 3041.5, subd. (a).)

Relatedly, the parties agree that a *Franklin* proceeding constitutes a critical stage of a criminal proceeding, thereby triggering Muro's right to the appointment of counsel. (*See People v. Crayton* (2002) 28 Cal.4th 346, 362 ["[T]he . . . right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake."].) Although the trial court has discretion to determine the manner and extent of a *Franklin* proceeding (*Cook, supra,* 7 Cal.5th at p. 459), we agree with the parties that given the critical nature of *Franklin* evidence in determining Muro's future parole suitability, he is entitled to counsel during the proceedings. (See *People v. Bauer* (2012) 212 Cal.App.4th 150, 155 [the "right to counsel 'applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake,' " and it is well-settled that "[a] sentencing hearing is one such stage"]; *People v. Hall* (1990) 218 Cal.App.3d 1102, 1105 ["It is fundamental that the right to counsel applies at all stages in a criminal proceeding where substantial rights of an accused may be affected."].) Thus, we direct the trial court to appoint Muro counsel on remand to assist him in the *Franklin* proceeding.

## II.

### *Muro's Contention Related to Assembly Bill 600 Is Not Ripe for Appellate Review*

Under section 1172.1, subdivision (a)(1) (formerly section 1170, subdivision (d)(1)),[7] a trial court may recall a defendant's sentence and resentence the defendant "within 120 days of the date of commitment," or at

---

[7] "Effective January 1, 2022, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) . . . (Stats. 2021, ch. 719, §§ 1–7) renumbered the recall and resentencing provisions of former section 1170(d)(1) and amended the language governing the procedural requirements, which are now set forth in section 1172.1." (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1088.)

any time "upon the recommendation of the secretary or the Board of Parole Hearings . . . , the county correctional administrator . . . , the district attorney of the county in which the defendant was sentenced, or the Attorney General." Effective January 1, 2024, Assembly Bill 600 amended section 1172.1 to expand the trial court's ability to resentence felony offenders. Under section 1172.1, the trial court may, on its own motion, recall an offender's sentence "*at any time* if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), italics added, as amended by Stats. 2023, ch. 446, § 2.) Thus, after the effective date of Assembly Bill 600, the trial court is not limited by the 120-day constraint in section 1172.1, subdivision (a)(1), if there has been a change in the applicable sentencing laws.

Here, Muro contends he should be given the opportunity on remand to argue he is eligible for the discretionary resentencing procedure described by section 1172.1, subdivision (a)(1). According to Muro, recent legislative changes to the criminal street gang enhancement under Assembly Bill 333[8] constituted a change in the applicable sentencing laws at the time of his original sentence. Thus, Muro contends he should "be given the opportunity on remand to argue that the trial court's newfound discretion under Assembly Bill 600 applies to his arguments regarding [the gang enhancement under] Assembly Bill 333."

The issue of Muro's eligibility for resentencing under Assembly Bill 600 has not been contemplated by the trial court and is therefore not yet ripe for

---

[8] Effective January 1, 2022, Assembly Bill 333 amended section 186.22 and added section 1109 to allow for an alleged gang enhancement to be tried in separate phases, upon the request of the defense. (See § 1109, subd. (a); Stats. 2021, ch. 699, §§ 3–5.)

appellate review. "The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.) The doctrine is rooted in "the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Ibid.*) As such, " '[t]he rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court.' " (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 119.)

Here, because Muro first raised his claim related to Assembly Bill 600 on appeal rather than in the trial court, the trial court has yet to have the opportunity to evaluate Muro's eligibility for resentencing under section 1172.1. Nor has the trial court determined if it *would* exercise its resentencing discretion if Muros is, in fact, eligible for relief under the statute. Without findings on these issues from the trial court, there is no available remedy for this court to provide and the issue is premature. (*See People v. Slayton* (2001) 26 Cal 4.th 1076, 1084 [adhering to the prohibition against advisory opinions where "the factual record [was] inadequate" to properly evaluate a party's contention].) Moreover, Muro does not cite to anything in the record or otherwise that suggests he is precluded from at least raising the issue on remand.[9] As such, we take no position on Muro's ability to be resentenced and decline to reach the merits of his contention.

---

[9] In any event, we note that had Muro moved the trial court for discretionary relief under Assembly Bill 600, the trial court was not obliged to consider his request. (See § 1172.1., subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant request consideration for relief under this section, the court is not required to respond."].)

DISPOSITION

The order denying Muro's request for a *Franklin* proceeding is reversed. The matter is remanded, and the trial court is directed to provide Muro a *Franklin* proceeding and appoint him counsel to assist in the matter.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

10