[No. B041330. Second Dist., Div. Three. Mar. 15, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHAN HALL, Defendant and Appellant.

**COUNSEL**

Sharon Munson Swanson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Thomas L. Willhite, Jr., and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CROSKEY, J.**—The defendant and appellant Nathan Hall (Hall) appeals an order revoking probation previously granted following a jury trial which resulted in his conviction for the sale of a substance in lieu of a controlled substance (Health & Saf. Code, § 11355). He was sentenced to four years in prison. He contends that he was denied his right to counsel at the probation revocation proceeding. We find that the record does not establish that Hall knowingly waived his right to counsel or was warned of the dangers of self-representation as required by *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. We therefore reverse and remand for a new revocation and sentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the commencement of the original trial, Hall informed the court that he wished to proceed in propria persona. After extensive waivers and advisements, including a proper *Faretta* warning, he was permitted to do so. On January 7, 1987, Hall was convicted by jury of violating Health and Safety Code section 11355. On March 3, 1987, the trial court found that he had previously served a term in prison for conviction of a felony, then suspended imposition of sentence and placed him on probation for three years without active supervision. We thereafter affirmed the judgment.[1]

More than two years later, on February 23, 1989, following a probation revocation and sentencing hearing, Hall was found to be in violation of probation in that he had failed to "obey all laws."[2] His grant of probation was terminated, and he was sentenced to four years in state prison on the original Health & Safety Code section 11355 conviction.

Throughout the probation revocation and sentencing proceedings, appellant represented himself. Nowhere in the record (see fn. 4, *post*) is it indicated that Hall was ever advised that he was entitled to be represented by counsel at the revocation/sentencing hearing, or following the advisements

---

[1] This court takes judicial notice of the record in *People* v. *Hall*, case number B026242. (Evid. Code, §§ 452, subd. (d); 459.)

[2] On November 7, 1988, in a separate and unrelated legal proceeding brought under the Domestic Violence Prevention Act (Code Civ. Proc., § 540 et seq.), Hall was ordered to stay at least 100 yards away from the residence of his former girlfriend. She testified at the probation hearing that on the night of November 15, 1988, she awoke to find Hall in her bedroom. She gave him the money that he requested, and he left. He later returned, however, and kicked in the glass window of her front door when she told him that he was not supposed to be at her house. At the revocation/sentence hearing the court found that Hall had committed acts of trespass and vandalism, both misdemeanors. (Pen. Code, §§ 594, 602.)

given prior to the 1987 trial, that he was again warned of the dangers and disadvantages of self-representation.

## DISCUSSION

### 1. *Faretta Error*

■ It is fundamental that the right to counsel applies at all stages in a criminal proceeding where substantial rights of an accused may be affected. (*Mempa* v. *Rhay* (1967) 389 U.S. 128, 134 [19 L.Ed.2d 336, 340, 88 S.Ct. 254].) A sentencing hearing is one such stage, and counsel must be provided at sentencing "even when it is accomplished as part of a subsequent probation revocation proceeding." (*Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 781 [36 L.Ed.2d 656, 661, 93 S.Ct. 1756], discussing *Mempa* v. *Rhay, supra*; *People* v. *Lopez* (1977) 71 Cal.App.3d 568, 571 [138 Cal.Rptr. 36]. See also, *People* v. *Vickers* (1972) 8 Cal.3d 451, 461-462 [105 Cal.Rptr. 305, 503 P.2d 1313], holding right to counsel applies at probation revocation hearings in general.)

■ The right to representation may be waived by a defendant who wishes to proceed in propria persona. (*Faretta* v. *California* , *supra,* 422 U.S. 806, 807 [45 L.Ed.2d 562, 566].) By such waiver a defendant relinquishes "many of the traditional benefits associated with the right to counsel." (*Id.* at p. 835 [45 L.Ed.2d at p. 581].) For that reason, a knowing and intelligent waiver of the right to counsel is required before the criminal defendant is permitted to represent himself or herself. (*Ibid*; *People* v. *McKenzie* (1983) 34 Cal.3d 616, 628 [194 Cal.Rptr. 462, 668 P.2d 769].) Moreover, the defendant "should be made aware of the dangers and disadvantages of self-representation, *so that the record will establish* that 'he knows what he is doing and his choice is made with eyes open.' " (*Faretta* v. *California, supra,* 422 L.Ed.2d at p. 835 [45 L.Ed.2d at p. 582] quoting *Adams* v. *U.S.* ex rel. *McCann* (1942) 317 U.S. 269, 279 [87 L.Ed. 268, 63 S.Ct. 236, 143 A.L.R. 435] (italics added); accord *People* v. *Bloom* (1989) 48 Cal.3d 1194, 1224-1225 [259 Cal.Rptr. 669, 774 P.2d 698]; contra, *People* v. *Paradise* (1980) 108 Cal.App.3d 364, 366 [166 Cal.Rptr. 484].)[3] The burden is on the People to show that the warnings required by *Faretta* were given. (*People* v. *Fabricant* (1979) 91 Cal.App.3d 706, 712 [154 Cal.Rptr. 340]; see also, *People* v. *Paradise, supra*, 108 Cal.App.3d 364, 369-370.)

---

[3] As suggested by the court in *People* v. *Lopez, supra*, trial courts should be satisfied that (1) defendants are aware of the dangers and disadvantages of self-representation, (2) defendants have the intellectual capacity to make an intelligent decision and (3) defendants are alerted to the reality that inadequacy of representation cannot be later raised as an issue on appeal. (71 Cal.App.3d at pp. 572-574; see also *People* v. *Cervantes* (1978) 87 Cal.App.3d 281, 287-288 [150 Cal.Rptr. 819].) The Lopez court noted that points (1) and (3) were specifically addressed in *Faretta.*

■ The record before us does not establish that defendant knowingly and voluntarily waived the right to counsel or that he was advised of the disadvantages of self-representation at the revocation/sentencing hearing.[4] In the face of a silent record and the above cited authorities, we have no choice but to find error. Before a criminal defendant may represent himself or herself at a deferred sentencing hearing, a *Faretta* hearing must be held on the record to advise the defendant of the disadvantages of not being represented by counsel and to establish a knowing and intelligent waiver of the right to counsel.

### 2. *Sufficiency of Earlier Pretrial Faretta Hearing*

Respondent argues that the *Faretta* hearing that was held before trial in this case satisfies the *Faretta* requirements for the subsequent probation revocation and sentencing hearing. Respondent cites no authority for the proposition of a single all-purpose *Faretta* hearing, nor is there any attempt to find the underpinnings of such a rule from the above cited cases. Respondent arrives at this conclusion by factually distinguishing this case from *People* v. *Lopez, supra*, 71 Cal.App.3d 568 and *People* v. *Cervantes, supra*, 87 Cal.App.3d 281.[5] However, the rules announced and applied by the courts in those cases, and in the cases upon which they rely, are not fact specific; they are broad statements of constitutional standards, which is to say, statements of *minimal* due process requirements. Due process requires a knowing waiver of the right to counsel at the revocation/sentencing stage, not speculation that the defendant might know, or even the expectation that the defendant should know because he or she was informed of the right to counsel at an earlier and in some respects unrelated segment of the prosecution.

If we were to adopt respondent's position it would lead to the clearly anomalous result of requiring a *Faretta* warning for those represented by

---

[4] The reporter's transcript reflects that at the outset of the February 23, 1989, hearing, the court stated: "The defendant is present in pro. per . . . ." Counsel for respondent advised us at oral argument that he spoke to the court reporter who informed counsel that her notes did not show that defendant was advised of the right to counsel or given warnings of the disadvantages of self-representation.

[5] In *Lopez*, the defendant originally pled guilty to heroin possession pursuant to a plea bargain, criminal proceedings were suspended, and he was committed to the California Rehabilitation Center. For reasons not explained in the opinion, criminal proceedings were reinstituted and the defendant was sentenced to prison. He represented himself at sentencing without the benefit of a *Faretta* hearing. As he was represented by counsel when his plea was taken, no prior *Faretta* hearing had ever been held, unlike the case before us.

In *Cervantes,* on the other hand, the trial court recognized the need for a *Faretta* hearing after the defendant made a pretrial motion to represent himself. However, the warning and advisements given to the defendant regarding the perils of self-representation were cryptic and inadequate to demonstrate that the defendant had made a knowing and intelligent election of self-representation. The error was held to be harmless, and defendant's conviction was affirmed. (See discussion in § 3, *post*.)

counsel at trial while denying such a warning to those who represented themselves. However, it is precisely those defendants who have acted without the benefit of counsel during the trial proceedings who are most likely to be in need of the warning. It is far more probable that they will have little or no understanding that (1) they are entitled to have counsel represent them at the probation revocation hearing, (2) their pretrial decision to act in propria persona may be changed for such subsequent hearing or (3) the probation revocation hearing can have a substantial effect on their substantive rights and can result in consequences far more serious than might otherwise be anticipated from the nature of the alleged conduct which generated the revocation proceedings.[6]

A pre-*Faretta* and pre-*Gagnon* California Supreme Court case that *is* factually similar to this case, *In re Turrieta* (1960) 54 Cal.2d 816 [8 Cal.Rptr. 737, 356 P.2d 681], supports our conclusion. The defendant in that case waived counsel and pleaded guilty on November 7, 1957. Proceedings were suspended, and she was placed on probation on December 3, 1957. On November 6, 1959, probation was revoked. She was not advised of her right to counsel at the time sentence was pronounced. (*Id.* at pp. 818-819.) The court stated: "It would seem obvious that in the normal course of events a defendant is not entitled to be advised of his legal rights at every stage of criminal proceedings. . . . [H]owever, the constitutional right to the assistance of counsel would be meaningless in the absence of a knowledge of that right and an intelligent waiver thereof, and the very purpose of the duty thus enjoined upon the court to advise an accused is to preserve to him a right which the Constitution has conferred upon him. In the present case . . . [t]he advice [of the right to counsel] given two years earlier, while technically in the same proceeding, was disassociated in time and the specific act for which this petitioner was before the court, at least in her own

---

[6]That a defendant was adequately advised and realized the risks of self-representation at trial provides no assurance that he understands the issues, complexities and pitfalls potentially awaiting him at some future probation revocation hearing. "The violation of a condition of probation is often a matter of degree or quality of conduct, and the point where a violation occurs often is a matter of technical judgment. [Citation.] A violation may be of such little consequence that a probationer may not even be aware of his transgression. An explanation of his intents and motives might well establish that he was not volitionally guilty of any misconduct. However, he too often lacks the training and poise to present to either his probation officer or the court his explanation in a persuasive manner, although or perhaps because the stakes are high. Trained counsel, in such circumstances, 'can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of' his client." (*People* v. *Vickers, supra*, 8 Cal.3d at p. 461, quoting *Goldberg* v. *Kelly* (1970) 397 U.S. 254, 270-271 [25 L.Ed.2d 287, 300, 90 S.Ct. 1011].)

In this case, when Hall received the four-year sentence after the hearing he stated: "What? You're going to give me state prison for a misdemeanor offense?" His statements of surprise indicate that he did not realize the stakes of the revocation proceeding. A *Faretta* hearing could have alerted him to the potential serious consequences of the court's determination that he had committed the relatively minor offenses with which he was charged.

mind. If she remembered at all that she had been advised of her right in earlier proceedings, certainly she must have been confused as to whether she was then entitled to counsel. That right would indeed be without real substance if we were to hold that it had been properly made available to her." (*Id.* at p. 820.)

We find a similar situation in this case and, like the *Turrieta* court, we decline to elevate form over substance. We also point out that had Hall been brought to trial on the misdemeanor charges which became the basis for revoking probation, he certainly would have been entitled to a *Faretta* hearing. In respondent's view, a defendant's due process rights would depend on whether rearrest for alleged criminal behavior leads to a probation revocation hearing or a trial on new charges. We do not find that to be a principled distinction or a fair result.

### 3. *Standard of Reversible Error*

The California cases which involved a *Faretta* issue such as we have here, that is, not the denial of the right of self-representation, but the failure to secure on the record a knowing and intelligent waiver of the right to counsel preceded by warnings of the pitfalls of proceeding in propria persona, have either applied different standards of reversible error (*People* v. *Lopez, supra*, 71 Cal.App.3d at p. 571 (per se reversal) and *People* v. *Cervantes, supra*, 87 Cal.App.3d at pp. 291-293 (harmless error under *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]) or, citing the apparent disparity between *Lopez* and *Cervantes,* failed to decide which standard applies (*People* v. *Spencer* (1984) 153 Cal.App.3d 931, 945-946 [200 Cal.Rptr. 693], criticized on a separate ground in *People* v. *Bloom, supra*, 48 Cal.3d at p. 1225; *People* v. *Fabricant, supra*, 91 Cal.App.3d 706, 713-714). Even *Cervantes* acknowledges, however, that the absence of a waiver of the right to counsel requires reversal per se. (87 Cal.App.3d at p. 292.) The *Cervantes* court applied the *Chapman* standard because, although the defendant was "fully aware" of his right to counsel when he requested self-representation, the record did not establish sufficient warning of the pitfalls of self-representation under *Faretta.* (*Ibid.*)

Subsequent to *Lopez* and *Cervantes,* the United States Supreme Court decided *Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101], which emphasizes the exceptional nature of errors requiring per se reversal, but also recognizes that "some errors necessarily render a trial fundamentally unfair." (*Id.* at p. 577 [92 L.Ed.2d at p. 470].) Among these fundamental errors is the denial of the right to counsel. (*Ibid.*, citing *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].) Of course, this case does not present a denial of the right to

counsel in the manner of *Gideon* v. *Wainwright,* just as it does not present a denial of the right to self-representation in the manner of *California* v. *Faretta.* Yet, the right to self-representation is found in the Sixth Amendment right to counsel (422 U.S. at p. 832 [45 L.Ed.2d at p. 580]) and cannot be asserted without knowingly and intelligently waiving the right to counsel (422 U.S. at p. 835 [45 L.Ed.2d at p. 581]). Where a defendant is permitted to represent himself or herself without knowingly waiving the right to counsel and all its attendant benefits, the right to counsel has been violated.

Thus, there can be no question as to the appropriate standard in this case. If, at a deferred sentencing hearing where the defendant represents himself or herself, there is a complete absence of a waiver of the right to counsel and of any self-representation warnings, reversal is required. (*People* v. *Lopez, supra,* 71 Cal.App.3d at p. 571, cited with approval in *People* v. *McKenzie, supra,* 34 Cal.3d at p. 628. See *People* v. *Cervantes, supra.*)

CONCLUSION

The order revoking probation is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion.

Klein, P. J., and Danielson, J., concurred.