Filed 1/21/21  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICKY MARSHAWN WILLIAMS,<br><br>    Defendant and Appellant. | B297910 (consolidated with B298105)<br><br>(Los Angeles County Super. Ct. Nos. SA098596 and SA096698) |

APPEAL from an order of the Superior Court of Los Angeles County.  Terry A. Bork, Judge.  Reversed with directions.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant challenges revocation of two grants of probation. He argues the trial court permitted him to represent himself without advising him of his right to counsel and taking an appropriate waiver of that right. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Ricky Marshawn Williams was under two separate grants of probation in case numbers SA098596 and SA096698 when he was charged in a new complaint (the new case) with one count of assault with a deadly weapon and two counts of making criminal threats. The People moved to revoke one grant of probation in SA098596, but not the other grant in SA096698. At the October 10, 2018 arraignment on the new case, the trial court entered a plea of not guilty and summarily revoked probation in SA098596. The trial court calendared the new case for a preliminary hearing and calendared the probation case for a violation hearing setting on October 23, 2018. Both matters were set in Department 32. Appellant was represented by the same attorney in both matters.

Apparently, after the preliminary hearing, the two matters became separated because for several appearances, they were calendared on different dates, albeit in the same courtroom. On October 23, 2018, the probation matter was transferred to Department 117 for a possible probation violation hearing setting. For a period of months, Department 117 continued the violation hearing setting to December 4, 2018, January 9, 2019, January 22, 2019, February 5, 2019, February 27, 2019, March 6, 2019 and finally to March 7, 2019. In each of these court appearances, when appellant was present, he was represented by

appointed counsel. Each minute order also reflects that the probation violation was trailing the new case.

As for the new case, presumably following the preliminary hearing, it was transferred to Department 117 and an information was filed on November 6, 2018. (The clerk's transcript includes no information about the preliminary hearing or any minute orders until February 27, 2019.)

On February 27, 2019, appellant appeared in Department 117 with counsel at a pretrial hearing on the new case only. Appellant asserted his right to represent himself under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). The court properly warned him of the dangers of self-representation, took the waiver, and appointed standby counsel in that case. The trial court then continued the new case to March 6, 2019 to address motions and discovery issues.

Although the probation violation hearing in SA098596 was trailing the new case, there was no mention made of it during the trial court's advisement to appellant about his *Faretta* rights. Neither did appellant expressly state he wanted to exercise his *Faretta* rights with respect to the probation matter as well. Apparently, however, everyone believed counsel had been relieved on the probation violation matter too because appellant's former counsel never appeared again on his behalf in either case. Further, not once did appellant or the People or the court ever inquire on the record about former counsel's failure to appear at future appearances in the probation revocation matter.

On March 5, 2019, in the new case, the trial court continued the March 6 date to March 7, 2019. On March 7, 2019, appellant appeared in propria persona and the trial court addressed motions and discovery issues. It then set the new case in Department 100 on March 8, 2019, to be sent out for trial.

In the meantime, the probation revocation matter, last on calendar for March 7, 2019, was also continued to March 8 to trail the new case. For the first time appellant was listed on March 7 as appearing in propria persona.

The two matters rejoined each other in Department 100 on March 8, 2019. They were both sent to Department 128 for trial and violation hearing. Appellant was listed as representing himself in both matters.

On March 8, 2019, trial on new case commenced with appellant representing himself. The People asked the court to hear the probation violation concurrently with the trial. The court agreed.

Trial concluded and the jury retired to deliberate. During deliberations, the People asked the court to revoke appellant's probation based on the evidence presented at trial. The court demurred, stating it wanted to await the jury's verdict.

On March 19, 2019, the jury acquitted appellant of all new charges. After the verdict, the People again asked the court to revoke appellant's probation based on the evidence adduced at trial. There was some confusion as to how many grants of probation were pending. The court ordered a supplemental probation report to verify all open probation grants and continued the violation hearing to April 2, 2019.

The supplemental probation report showed appellant had three separate pending grants of probation – the two cases set out above and a third grant in misdemeanor case number 6CJ15319. At the revocation hearing on April 2, 2019, the court noted appellant was appearing in propria persona and stated it was considering revocation of all three grants of probation. The People represented they were relying on the trial evidence as the bases upon which to revoke all three grants of probation for failure to "obey all laws." Appellant told the court he was not exactly sure what the prosecutor meant by the "unlawful behavior for not obeying all laws." Nonetheless, relying on the evidence at trial, the court found appellant in violation of all three grants of probation for failure to obey all laws.

At this point appellant requested appointment of counsel for sentencing, waiving his right to represent himself. In so doing, he told the court he wanted the assistance of counsel because "I believe that I'll have a better ability to understand what's going on as far as the sentencing." The court appointed former standby counsel on appellant's behalf and continued sentencing to April 19, 2019.

With counsel now representing appellant, on April 24, 2019, the trial court heard argument and sentenced appellant to the upper term of three years in SA098596; one-year consecutive jail time in SA096698; and one-year consecutive jail time in 6CJ15319. (Case number 6CJ15319 is a misdemeanor case not part of this appeal.)

Appellant timely filed two notices of appeal which we consolidated.

## DISCUSSION

On appeal, appellant contends he was never advised of his right to counsel in the probation revocation cases or of the risks and danger of self-representation in those same cases as required by *Faretta*. And that does appear to be the case. One probation violation case (SA098596) was trailing and not on calendar when appellant appeared and asserted his right to represent himself on the new case; the other revocation case (SA096698) was never even on calendar until after the supplemental probation report revealed additional probation grants. Neither advisements about the right to counsel nor proper *Faretta* waivers in these two probation revocation cases appear in the record.

California law is clear that probationers are entitled to counsel in probation revocation proceedings as a matter of state law. (*People v. Vickers* (1972) 8 Cal.3d 451, 461–462 (*Vickers*) [California Supreme Court "judicially declared rule of criminal procedure" requires probationers to be presented by counsel at formal proceedings for the revocation of probation].) As the *Vickers* court stated, "The violation of a condition of probation is often a matter of degree or quality of conduct, and the point when a violation occurs often is a matter of technical judgment. . . . With counsel's assistance the proceedings will move to an orderly, just conclusion [citation] in the best interests of both the probationer and the People." (*Id.* at p. 461.)

California law is also clear that when a defendant invokes his right to represent himself in probation revocation proceedings, the court's subsequent advisement must warn the defendant of the pitfalls of self-representation in that context so the record will establish that " ' "his choice is made with eyes

6

open." ' " (*People v. Hall* (1990) 218 Cal.App.3d 1102, 1105 (*Hall*).)

Based on *Hall,* we are compelled to reverse the revocations of probation. In *Hall*, like here, defendant represented himself at trial. He was convicted and sentenced to probation. More than two years later, Hall was found in violation of probation in that he had failed to "obey all laws." He represented himself through the probation revocation and sentencing proceedings, just like he had at trial. Nowhere did the record indicate that Hall was ever advised of his right to counsel at the revocation hearing or of the dangers and disadvantages of self-representation. The court of appeal reversed the revocation of probation and remanded for a new revocation and sentencing hearing, the error being reversible per se. (*Hall*, *supra*, 218 Cal.App.3d at pp. 1108–1109.)

The People argue that because *Vickers* is a judicially created rule of criminal procedure rather than a constitutional holding, the trial court's omissions should be treated as harmless. We disagree. In extending the right to counsel in probation revocation proceedings, the *Vickers* court noted the vagaries presented by such proceedings, stating, "A violation may be of such little consequence that a probationer may not even be aware of his transgression. An explanation of his intents and motives might well establish that he was not volitionally guilty of any misconduct. However, he too often lacks the training and poise to present to either his probation officer or the court his explanation in a persuasive manner, although or perhaps because the stakes are high." (*Vickers*, *supra*, 8 Cal.3d at p. 461.) It went on: "[W]e are of the view . . . that the efficient administration of justice requires that the defendant be assisted by retained or appointed counsel at all revocation proceedings other than at summary

proceedings had while the probationer remains at liberty after absconding." (*Ibid*.) Given the strong stance the *Vickers* court took in extending the right to counsel to probation revocation proceedings, we see no reason to apply the harmless error rule just because the rule was judicially, rather than constitutionally, created.

Even if we were inclined to apply the harmless error rule set out in *People v. Watson (*1956) 46 Cal.2d 818 as urged by the People, we would not find the error harmless. The People sought to revoke appellant's probation based on the facts adduced at trial, upon which appellant had been acquitted. Based on appellant's comments after trial that he did not understand the People's argument about "obeying all laws," it is clear to us he did not understand the different standards of proof applicable to trial and to probation revocation proceedings. (*In re Coughlin* (1976) 16 Cal.3d 52, 58 [evidence which is insufficient or inadmissible to prove guilt at trial nevertheless may be considered in determining whether probation should be revoked].) This difference is neither intuitive nor easy for the lay person to understand. Had appellant been advised by the court about the advantages and disadvantages of representing himself in the context of a revocation proceeding, as opposed to a trial, he could have made an informed decision about whether to go forward in propria persona. The absence of an appropriate *Faretta* advisement on this record was not harmless.

## DISPOSITION

The orders revoking probation are reversed.  The trial court is directed to conduct new revocation proceedings after affording appellant the assistance of counsel.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:



BIGELOW, P. J.



GRIMES, J.