Filed 1/31/25  P. v. Bacci CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA JOHN BACCI,<br><br>    Defendant and Appellant. | H051597<br>(Santa Cruz County<br>Super. Ct. No. 19CR06172) |

Before this court for the second time, appellant Joshua John Bacci appeals from the judgment entered after he was resentenced to a total term in prison of 25 years 8 months following his convictions for carjacking, assault with a deadly weapon, theft of an automobile, and evasion and resisting police officers.  Bacci argues that the trial court erred at resentencing by failing to sufficiently advise him of the pitfalls of self-representation, failing to assess his competency at the resentencing hearing, and failing to dismiss one or more of his sentencing enhancements under Penal Code section 1385.[1]  We agree that the trial court erred in its advisements and that Bacci's waiver of counsel was not knowing and intelligent.  We conditionally reverse and remand the judgment.

---

[1] Unspecified statutory references are to the Penal Code.

# I.    BACKGROUND

## A.    *Bacci's Underlying Convictions and First Appeal*

In December 2019, prior to the underlying trial on his criminal charges, Bacci filled out and signed a form indicating he would like to waive counsel under *Faretta v. California* (1975) 422 U.S. 806, 835 (*Faretta*).  He also indicated to the trial court at a pretrial hearing that he would "like to proceed forward by invoking [his] constitutional right to self-representation" and that he would like to have a bench trial rather than a jury trial.  At that time, Bacci told the trial court:  "I've represented myself before and I've been certified court competent at the present time to stand trial."  The trial court then informed Bacci:  "[I]f you're going to be representing yourself at a bench trial, you'll be representing yourself.  [¶] . . . You'll be held to the same standards as an attorney."  The court further warned Bacci, "[Y]ou aren't going to get co-counsel or advisory counsel or any type of assistance from counsel."

After this advisement, Bacci withdrew his request to represent himself and consented to "let [defense counsel] assist me."  Represented by counsel, Bacci proceeded to trial by jury rather than a bench trial.

After trial, the jury returned verdicts convicting Bacci of carjacking (§ 215, subd. (a); count 1), assault with a deadly weapon with an enhancement for personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a); count 2), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 3), recklessly evading an officer (Veh. Code, § 2800.2, subd. (a); count 4), and forcibly resisting an officer (§ 69; count 5).  After striking two of his prior strike convictions under section 1385, the trial court sentenced Bacci to a total term of 33 years 8 months in prison as follows:  an aggravated term of nine years for carjacking, doubled to 18 years under the Three Strikes law; a concurrent aggravated term of four years for assault, doubled to eight years under the Three Strikes law; an aggravated term of three years for driving or taking a vehicle without consent, doubled to six years under the Three Strikes law and

2

stayed under section 654; one-third the middle term of two years for a total of eight months for recklessly evading an officer, doubled to 16 months under the Three Strikes law; and one-third the middle term of two years for a total of eight months for resisting a peace officer, doubled to 16 months under the Three Strikes law; 10 years for two serious felony convictions (§ 667, subd. (a)(1)); and three years for the great bodily injury enhancement (§ 12022.7, subd. (a)).

Bacci appealed, and in August 2022 a different panel from this court reversed the judgment and remanded the matter solely for resentencing in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567) and Assembly Bill Nos. 124 (2021–2022 Reg. Sess.) (Assembly Bill No. 124) and 518 (2021–2022 Reg Sess.) (Assembly Bill No. 518). (*People v. Bacci* (Aug. 17, 2022, H048478) [nonpub. opn.].) This court concluded that the retroactivity of Senate Bill No. 567, which required aggravating factors relied upon by the trial court at sentencing to have been either stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial, required a remand for resentencing. In our opinion, we stated that the trial court at that time "may reconsider all of its prior sentencing decisions as to all counts under the statutes now in effect . . . ." We also specified that the district attorney on remand could elect to prove the existence of aggravating factors or submit to resentencing on the current record.

**B.** *The Resentencing Proceedings*

At the resentencing hearing, the People declined to prove the aggravating factors. The district attorney proposed that the court merely substitute the middle terms for the three aggravated terms originally imposed (counts 1 through 3) but structure the sentence identically in all other respects for a sentence of 27 years 8 months in prison. Bacci's counsel replied: "So my reading of the appellate opinion is I think the [c]ourt, unless [the prosecution] is intending to essentially try to introduce evidence to prove aggravated factors, I think the [c]ourt would essentially be bound to do that." Defense counsel informed the trial court that Bacci disagreed with the district attorney's proposal and,

3

counsel believed, wanted to represent himself.  Defense counsel then asked Bacci to address the court (which was the last time defense counsel addressed the court at the resentencing hearing), and the following colloquy between the trial court and Bacci took place:

The Court:  "Is that right, Mr. Bacci?"

Bacci:  "I think I —yeah, at this point in time, I'd rather just go ahead and say what I need to say from what my understanding is so there can be some clarity from all the different parties and components in this room right now.  That's what I think would be the best."

The Court:  "Even if [defense counsel] keeps representing you, you get to do that.  So whether you represent yourself or have him represent you, you get to say your view."

Bacci:  "That's true, however, if he's my representative, then I don't have the ability to communicate directly with [the district attorney.]  [¶]  In the past when I've been self-represented, I've been able to communicate directly with the district attorney.  And . . . there wasn't necessarily a barrier between myself, which is the source of truth, and this person here, which is a sworn representative of the People's interests . . . and the community's interests.  Also yours as well as the justice jurisprudence, strength, honor, integrity, et cetera, et cetera.  That's kind of the reason I want to just speak my own self."

The Court:  "All right.  Bad idea."

Bacci:  "No, it's okay."

The Court:  "I'm telling you.  My obligation is to tell you it's a bad idea.  [¶]  I don't know.  If you want to represent yourself, that's fine.  [¶]  Today is the hearing and we're going to be sentencing you today, but if you have things you want to say, you're certainly free to."

Bacci:  "Okay."

The Court:  "Okay."

Bacci:  "Yeah."

The Court: "So your turn."

Bacci proceeded to argue that the enhancements imposed for his serious felonies were improper because he claimed those felonies had been reduced to misdemeanors,[2] an argument that the trial court rejected.

The trial court went on with resentencing and imposed the following terms: the middle term of five years for carjacking (§ 215, subd. (a); count 1), doubled to 10 years under the Three Strikes law; a concurrent middle term of three years for assault (§ 245, subd. (a)(1); count 2), doubled to six years under the Three Strikes law; a middle term of two years for driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 3), doubled to four years under the Three Strikes law but stayed under section 654; one-third the midterm of two years for a total of eight months for recklessly evading an officer (Veh. Code, § 2800.2, subd. (a); count 4), doubled to 16 months under the Three Strikes law, consecutive to the other counts; and one-third the midterm of two years for a total of eight months for resisting a peace officer (§ 69; count 5), doubled to 16 months under the Three Strikes law; 10 years for two prior serious felony convictions (§ 667, subd. (a)(1)); and three years for the great bodily injury enhancement (§ 12022.7, subd. (a)). In sum, the trial court imposed an aggregate term of 25 years 8 months in prison.

## II.    DISCUSSION

"A defendant has a federal constitutional right to the assistance of counsel during all critical stages of a criminal prosecution." (*People v. Mickel* (2016) 2 Cal.5th 181, 205

---

[2] At the bifurcated court trial on Bacci's prior strikes and serious felony allegations, held shortly after his jury trial, the original trial court found that the People had proven beyond a reasonable doubt the two following serious felony allegations under section 667, subdivision (a)(1): A conviction of first degree burglary in case number F11849, and a conviction of first degree burglary in case number F09666. Certified abstracts of judgments were admitted as evidence to support these two convictions. There is no indication that any argument or evidence was presented at the court trial that these prior serious felony convictions had been reduced to misdemeanors.

5

(*Mickel*).)  But the Sixth Amendment also "grants to the accused personally the right to present a defense"; thus, "a defendant possesses the right to represent himself or herself." (*People v. Marshall* (1997) 15 Cal.4th 1, 20.)  Thus, "[a] trial court must grant a defendant's request for self-representation if three conditions are met.  First, the defendant must be mentally competent, and must make his request knowingly and intelligently, having been apprised of the dangers of self-representation.  [Citations.]  Second, he must make his request unequivocally.  [Citations.]  Third, he must make his request within a reasonable time before trial."  (*People v. Stanley* (2006) 39 Cal.4th 913, 931–932.)

On appeal, Bacci makes several arguments about his waiver of counsel, arguing that he made an unequivocal waiver of his right to counsel under *Faretta*, *supra*, 422 U.S. at p. 835 and that the trial court erred by failing to first inquire about his mental competency to waive counsel.  He further argues that the trial court failed to advise him of the consequences of self-representation and that his waiver of counsel was therefore neither knowing nor intelligent.  The Attorney General, in addition to countering Bacci's claims, argues that the trial court's colloquy with Bacci at the sentencing hearing suggests that no valid *Faretta* request was made and that even if it was made, the trial court did not grant it.  After reviewing the record, we agree with Bacci that the trial court permitted him to represent himself and that his waiver of counsel was not knowing or intelligent, requiring a conditional reversal.

A.      *The Trial Court's Ruling*

Preliminarily, the Attorney General argues that the colloquy between Bacci and the trial court render it unclear in the first instance whether Bacci in fact requested to waive counsel and whether the trial court granted any supposed request.  We disagree and conclude that the trial court did in fact grant Bacci's request for self-representation.

At the start of the resentencing hearing, defense counsel stated his belief that the court was "essentially . . . bound" to sentence Bacci to 27 years 8 months given the

prosecutor's election to not pursue the aggravated term. But defense counsel also stated that Bacci would "certainly not . . . agree to" accept this sentence and that Bacci "wish[ed] . . . to represent himself." Bacci himself confirmed that he wanted to waive counsel because he wished to make his views known and to speak directly to the trial court and to the prosecutor. And when told that he could speak directly to the court even with representation, Bacci affirmed that he wanted to "communicate directly" with the prosecutor and in past experiences as a self-represented litigant, doing so while self-represented presented less of a "barrier" between himself and the district attorney.

In short, Bacci twice stated unequivocally his desire to waive counsel. He reiterated this intention even once assured that self-representation was a "bad idea" and that continued representation by counsel would not prevent him from personally addressing the court on sentencing. And the trial court then assented, saying "that's fine" after Bacci made clear he still wished to represent himself. We recognize that the trial court never expressly relieved Bacci's counsel. But after indicating to Bacci that it was his "turn" to speak, Bacci made his arguments, and at no point afterward did the trial court invite defense counsel to comment on the sentence, on Bacci's opposition to a sentence of 27 years 8 months, or on Bacci's claims about his prior convictions. From this, we understand that the trial court accepted Bacci's waiver of his right to counsel.

The Attorney General disagrees with this characterization and argues that any *Faretta* motion would have been untimely, rendering it unlikely that the trial court would have considered Bacci to have made a valid waiver of counsel. But trial courts may grant untimely *Faretta* motions, even as they need not do so. (See, e.g., *People v. Clark* (1992) 3 Cal.4th 41, 109 (*Clark*) [explaining that the requirement of a timely request is designed to serve the efficient administration of justice rather than to protect a defendant from the defendant's own decision].)

The Attorney General also argues that the *Faretta* request was equivocal not unequivocal, which also weighs against a finding that a valid *Faretta* motion was made

7

and that the trial court granted it. "To invoke the constitutional right to self-representation, a criminal defendant must make an *unequivocal* assertion of that right . . . ." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1087.) A trial court is "not required to grant an equivocal request for self-representation." (*People v. Michaels* (2002) 28 Cal.4th 486, 524.) But here, after the trial court informed Bacci he could speak on his own behalf even if represented by counsel, Bacci again stated that he wished to represent himself—stating that he believed that while represented by attorney, he would not "have the ability to communicate directly with [the district attorney]." From this, it appears that his request was unequivocal.

Finally, the Attorney General points out that the trial court's statement—"If you want to represent yourself, that's fine"—did not constitute a dispositive ruling on the *Faretta* motion and that the court did not make findings "necessarily appurtenant" to accepting a valid waiver of counsel. The Attorney General thus argues that even if a valid *Faretta* motion had been made, no clear ruling followed, and Bacci's failure to request a ruling after speaking on his own behalf at the resentencing hearing essentially constituted an abandonment of his request for self-representation. (See *People v. Skaggs* (1996) 44 Cal.App.4th 1, 7–8 [failure to request ruling on *Faretta* motion abandoned the motion that the defendant claimed he made].) But the Attorney General does not cite authority for the proposition that the trial court is required to make certain express findings on the record when granting a *Faretta* motion, nor are we aware of any such authority. (See, e.g., *People v. Tena* (2007) 156 Cal.App.4th 598, 607 [failure of trial court to make express finding on whether defendant made unequivocal *Faretta* request does not obligate reviewing court to find that *Faretta* rights were infringed].)

We thus agree with Bacci's characterization of the record that the trial court granted his mid-resentencing *Faretta* request and permitted him to represent himself for the remainder of the sentencing hearing.

**B.** *Bacci's Waiver of Counsel was not Knowing or Intelligent*

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel [under the Sixth Amendment]. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." (*Faretta*, *supra*, 422 U.S. at p. 835.) Bacci argues that the trial court's admonition to him that representing himself would be a "bad idea" was insufficient to apprise him of the pitfalls of self-representation; therefore, his waiver was neither knowing nor intelligent. We agree and conclude that the error was prejudicial, requiring a conditional reversal.

**1.** *Legal Principles and Standard of Review*

There is no specifically prescribed language or admonition that a trial court must give to a defendant seeking to waive counsel, so long as the record as a whole demonstrates that the defendant understands the disadvantages of electing self-representation. (*People v. Burgener* (2009) 46 Cal.4th 231, 241 (*Burgener*).) The court "must discuss with the defendant the consequences of self-representation, i.e., that it is almost always unwise; the defendant will have to follow the same rules that govern attorneys; the prosecution will be represented by experienced, professional counsel; the court may terminate the right to self-representation if the defendant engages in disruptive conduct; the defendant will lose the right to appeal on the grounds of ineffective assistance of counsel; and the defendant will not receive help or special treatment from the court and does not have the right to standby cocounsel." (*People v. Best* (2020) 49 Cal.App.5th 747, 756–757.)

"On appeal, we independently examine the entire record to determine whether the defendant knowingly and intelligently waived the right to counsel." (*Burgener*, *supra*, 46 Cal.4th at p. 241.) In so doing, we recognize that the breadth of the required advisement depends on the stage of criminal proceeding during which counsel is waived. For example, at trial, " 'counsel is required to help even the most gifted layman adhere to

9

the rules of procedure and evidence, comprehend the subtleties of *voir dire*, examine and cross-examine witnesses effectively . . . , object to improper prosecution questions, and much more.' " (*Iowa v. Tovar* (2004) 541 U.S. 77, 89 (*Tovar*).)  Therefore, at that stage of the criminal proceeding, "[w]arnings of the pitfalls of proceeding to trial without counsel . . . must be 'rigorous[ly]' conveyed." (*Ibid.*)  But in contrast, "at earlier stages of the criminal process, a less searching or formal colloquy may suffice." (*Ibid.*)  Thus we must apply a " 'pragmatic approach to the waiver question,' one that asks 'what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage,' in order 'to determine the scope of the Sixth Amendment right to counsel, and the type of warnings and procedures that should be required before a waiver of that right will be recognized.' " (*Id.* at p. 90.)[3]

### 2. *Analysis*

After independently reviewing the record, we find that Bacci did not knowingly and intelligently waive his right to counsel at the resentencing hearing.  We recognize that at a resentencing proceeding, the situation "differs markedly from a trial on the merits" and a less exhaustive colloquy may have been sufficient for Bacci to have knowingly waived his rights.  (See *Burgener*, *supra*, 46 Cal.4th at p. 242.)  But here, the trial court did not discuss with Bacci any of the potential hazards that lay ahead should he choose to waive counsel.  The trial court only obliquely referenced twice that choosing to waive counsel would be a "bad idea."

We find *Burgener*, *supra*, 46 Cal.4th 231 to be instructive.  There, the trial court granted a defendant's request to represent himself at a resentencing hearing seeking to

---

[3] Citing *Clark*, *supra*, 3 Cal.4th 41, the Attorney General claims that any error in granting Bacci's request to represent himself at resentencing was forfeited.  But as described *ante*, *Clark* does not stand for the proposition that a defendant cannot complain on appeal that his *Faretta* motion should not have been granted.  Indeed, *Clark* concluded that a defendant cannot complain that the trial court erroneously granted an *untimely* motion that a defendant had him or herself requested.  (*Id.* at p. 109.)

10

modify his penalty of death to life without the possibility of parole. (*Id*. at pp. 233–234.) Prior to granting the defendant's waiver, the trial court had stated it " 'would be remiss if [it] didn't advise [defendant] at least with regard to certain possible pitfalls with regard to self-representation' " but then did not explain the potential hazards. (*Id.* at p. 238.) Instead, the court added that it believed the defendant was " 'fully aware, probably more so than most of us, as to what is taking place and has taken place in this case.' " (*Id.* at p. 239.) On appeal, the *Burgener* court held that the record was "plainly insufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel" and that the colloquy would have "conveyed to the listener that the greater danger lay with continuing to be represented by counsel." (*Id.* at p. 242.) Although the limited purpose of the resentencing hearing "may have justified a less searching or formal colloquy in response to defendant's request to represent himself," the nature of the hearing did not "relieve the court of its duty altogether to ensure that defendant be made aware 'of the hazards ahead' if he proceeded without the assistance of counsel." (*Ibid.*)

Although the trial court in Bacci's case did not go quite as far as the trial court in *Burgener*—the court never implied that self-representation would favor Bacci—the advisement here was insufficient for us to find that Bacci knowingly and intelligently waived counsel. True, the resentencing proceeding, unlike a trial, was limited in scope. But as we will explain below, the outcome of the resentencing was not a foregone conclusion, despite defense counsel's apparent belief, given the new ameliorative laws by then in effect. (See *post*, at p. 16; Sen. Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81); Assem. Bill No. 124; Assem. Bill No. 518.) Thus the " 'purposes a lawyer can serve' " (*Tovar*, *supra*, 541 U.S. at p. 90) at a resentencing hearing like Bacci's included advisements or arguments about sentencing issues that a self-represented litigant might not be aware of. And the limited nature of the resentencing proceeding did not mean that the trial court was completely relieved of its duty to advise Bacci about *why* a waiver of counsel would be to his detriment.

11

The Attorney General would have us rely on the trial court's advisements in 2019, when Bacci first tried to waive counsel before trial to vitiate the inadequacy of the advisement on remand. But nearly four years had elapsed between Bacci's abortive request to waive counsel in December 2019 and the resentencing hearing in November 2023. (See *People v. Hall* (1990) 218 Cal.App.3d 1102, 1106 (*Hall*) ["[d]ue process requires a knowing waiver of the right to counsel at the revocation/sentencing stage, not speculation that the defendant might know, or even the expectation that the defendant should know because he or she was informed of the right to counsel at an earlier and in some respects unrelated segment of the prosecution"].) We cannot presume that Bacci recalled the specifics of a form he signed four years earlier or any colloquy he had with the trial court at that time. And even though Bacci made representations at the resentencing hearing that he had represented himself in the past, nothing in the record before us confirms his account, aside from Bacci's assertion on his 2019 *Faretta* form that he had done so.

We thus find that the trial court's generic warning that choosing to waive counsel would be a "bad idea" is simply insufficient. The record does not " ' 'as a whole demonstrate[] that [Bacci] understood the disadvantages of self-representation, including the risks and complexities of the particular case." ' " (*Burgener*, *supra*, 46 Cal.4th at p. 241.) There was no discussion of the risks of self-representation in a proceeding where this court had remanded for consideration of three new sentencing laws and, as we will explain, a fourth had also taken effect. (See *People v. Ruffin* (2017) 12 Cal.App.5th 536, 546 [no knowing and voluntary waiver of counsel when court's oral comments merely suggested it was unwise for defendant to represent himself].) The waiver was therefore not knowing or intelligent.

### 3.    *Prejudice*

We next turn to the issue of prejudice. The United States Supreme Court has not yet decided whether a defective *Faretta* waiver is reversible per se or subject to review

for harmlessness under *Chapman v. California* (1967) 386 U.S. 18.  (*Burgener*, *supra*, 46 Cal.4th at pp. 244–245 [assuming without deciding *Chapman* applies]; compare *Hall*, *supra*, 218 Cal.App.3d at pp. 1108–1109 [reversible per se] with *People v. Wilder* (1995) 35 Cal.App.4th 489, 500–502 [reversible under *Chapman* if the People demonstrate beyond a reasonable doubt that defendant would still have waived counsel if properly advised] and *People v. Cervantes* (1978) 87 Cal.App.3d 281, 293–294 [reversible under *Chapman* if the People demonstrate beyond a reasonable doubt that the absence of counsel had no effect on the outcome of the proceeding at hand].)  But even if not per se reversible, the error here was not harmless under *Chapman*, so reversal is required.

We cannot conclude beyond a reasonable doubt that Bacci, if he had been properly advised of the risks of self-representation, would have still proceeded to resentencing without counsel.  Although Bacci orally informed the trial court that he had represented himself in proceedings in the past, Bacci had not represented himself at any stage of the proceedings in this particular case.  And as described *ante*, prior to the underlying trial in 2019, Bacci had at one point executed a *Faretta* form and had requested to waive counsel.  But after being advised by the trial court that he would be held to the same standards as an attorney without the benefit of "advisory counsel," Bacci withdrew his waiver of counsel.  This abortive waiver suggests that, if properly reminded of the risks, Bacci may have thought better of waiving his right to counsel, just as he did in 2019.

The Attorney General likewise has not shown beyond a reasonable doubt that the absence of counsel had no effect on the outcome of the proceeding at hand.  (See *Burgener*, *supra*, 46 Cal.4th at p. 244.)  The Attorney General argues that Bacci's counsel "conferred with the prosecutor and settled upon a mutually agreeable new sentence," pointing to defense counsel's remark at the start of the resentencing hearing that the court would "essentially be bound" to impose a sentence of 27 years 8 months.  But we consider defense counsel's statement to be too ambiguous, taken in context, to satisfy the

13

high burden of proving beyond a reasonable doubt that Bacci was not prejudiced by his uninformed waiver of counsel.

To be sure, the Attorney General's reading of counsel's statement is a facially plausible one—that counsel misread this court's directions on remand by overlooking our express references to Assembly Bill Nos. 124 and 518, was unaware of Senate Bill No. 81 and its amendment of section 1385, and that he intended to submit without argument as to any ameliorative sentencing law except Senate Bill No. 567. But another facially plausible reading is that counsel agreed with the prosecutor on only one facet of the sentence—that the trial court was limited to the middle terms unless the prosecution chose to prove aggravating factors (see § 1170, subd. (b)(1))—not that the trial court had no other discretionary authority to impose a lesser sentence under other new ameliorative laws. Furthermore, defense counsel in responding to the district attorney's proposal was unequivocal that Bacci was "certainly not going to . . . agree to what [the prosecutor] has proposed" *and* that he had spoken to Bacci about the "nature and scope of the appellate issue" in his case, without further elaboration. And however one parses counsel's preface to Bacci's request to represent himself, we cannot say beyond a reasonable doubt that the judgment would have been the same had counsel been present. (*Burgener*, *supra*, 46 Cal.4th at p. 245.)

To hold otherwise would ignore the fact that this court reversed and remanded the matter for resentencing under section 1170, as amended by Senate Bill No. 567 and Assembly Bill No. 124, and under section 654, as amended by Assembly Bill No. 518. When we reversed Bacci's prior appeal, we concluded that we were unable to determine harmlessness on the record under any standard, and by striking that part of Bacci's sentence, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Thus, both under the express terms of our remand and under the full resentencing rule, the trial court needed to consider all components of

14

Bacci's sentence under new sentencing laws that did more than condition the upper term on aggravating factors found true by a jury: Assembly Bill No. 124 made the lower term the presumptive sentence if certain enumerated factors—including "psychological, physical, or childhood trauma"—contributed to the commission of the offense (§ 1170, subd. (b)(6)(A); Stats. 2021, ch. 695, § 5.1, p. 8744), and Assembly Bill No. 518 gave trial courts the discretion to choose which sentence to stay under section 654 (Stats. 2021, ch. 441, § 1, p. 6434).

Furthermore, Bacci's sentence included several sentencing enhancements totaling 13 years: 10 years for two prior serious felony convictions (§ 667, subd. (a)(1)); and three years for the great bodily injury enhancement (§ 12022.7, subd. (a)). And at the time of his resentencing hearing in 2023, further new legislation had been enacted, effective January 1, 2022. Senate Bill No. 81 added subdivision (c) to section 1385, which allows the trial court to dismiss an enhancement in the furtherance of justice, further providing that nine enumerated mitigating circumstances "weigh[] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2); Stats. 2021, ch. 721, § 1, p. 8988.) Bacci argues that several mitigating circumstances apply in this case: (1) "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)); (2) "[t]he application of an enhancement could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)); (3) there is evidence indicating "[t]he current offense is connected to mental illness" (§ 1385, subd. (c)(2)(D)); and (4) "[t]he enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)).

Although the California Supreme Court in *People v. Walker* (2024) 16 Cal.5th 1024 decided that section 1385, subdivision (c) did not create a presumption in favor of dismissing an enhancement (*Walker*, at p. 1033), the high court also recently clarified that under section 1385, subdivision (c)(2), "absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating

15

circumstances when they are present." (*Walker*, at p. 1038.)  The court observed, "In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid*.)

Thus, had counsel proceeded with the sentencing hearing and in fact failed to raise or request dismissal of enhancements that added years to Bacci's sentence, we would be hard pressed to envision or presume a sound tactical reason for the omission.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 689; cf. *People v. Harris* (1977) 65 Cal.App.3d 978, 987–988 [holding that a defendant who effectively waives the right to counsel also waives the right to complain of ineffective representation].)  The trial court had no duty to sua sponte consider striking any of the enhancements (see *People v. Carmony* (2004) 33 Cal.4th 367, 375), and Bacci himself appears to have been unaware of the amendments made to section 1385, subdivision (c), arguing only that his serious felony enhancements were inoperative because they had been reduced to misdemeanors.[4] Accordingly, the Attorney General does not establish beyond a reasonable doubt that counsel would have advanced no arguments on this point or that the trial court would have declined to strike all three enhancements had a section 1385 argument been raised by counsel.

### 4.     *Remedy*

Accordingly, having found prejudicial error, we must reverse and remand the matter for further proceedings.  The remaining question is exactly what relief Bacci is

---

[4] There is nothing in the transcript of the resentencing hearing that reflects that any request was made to dismiss the enhancements under section 1385.  Nor is there any document in the record that would suggest that defense counsel (before the trial court accepted Bacci's *Faretta* waiver) or Bacci filed any written motions seeking dismissal of any enhancements.

16

entitled to. In this case, we find that it is appropriate to remand the matter so that the trial court can properly advise Bacci of the pitfalls of self-representation and to redetermine whether to grant his *Faretta* motion. (See, e.g., *People v. Bauer* (2012) 212 Cal.App.4th 150, 161–162 [conditionally reversing judgment when defendant was not informed of his constitutional right to counsel].) If, upon proper advisements, Bacci decides to waive counsel, then the trial court should reinstate its prior judgment.

Bacci on appeal argues that the matter must be remanded for resentencing—independent of whether Bacci persists in his waiver once properly advised—on the theory that the trial court erred in failing to dismiss his enhancements under section 1385. Not so. Representing himself, Bacci forfeited any sentencing argument other than the sole argument that his enhancements should be dismissed because the convictions they were predicated on had been reduced to misdemeanors. (See *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [failure to ask trial court to dismiss enhancement under § 1385 forfeits claim on appeal].)[5] If he chooses again to represent himself following our limited remand and the trial court again relieves him of counsel, we see no basis for relieving him of that forfeiture. As for Bacci's appellate claim that the trial court erred by failing to inquire sua sponte as to his competency, "[a] trial court is not required to 'routinely inquire' into a defendant's mental competence when evaluating a *Faretta* motion.

---

[5] In his reply brief, Bacci attempts to distinguish *Coleman* by arguing that the record here reflects that the trial court was unaware of its discretion to dismiss the enhancements under section 1385. But as we have explained, section 1385 does not create a mandatory duty for the trial court to dismiss enhancements, and generally, "[a] party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Partida* (2005) 37 Cal.4th 428, 435.) Likewise, though this court remanded the matter for resentencing in light of Assembly Bill Nos. 124 and 518, neither was discussed at the sentencing hearing. And a defendant "may not claim on appeal the trial court failed to properly make or articulate its discretionary sentencing choices" absent an objection in the trial court. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [failing to seek lower term under § 1170, subd. (b)(6) forfeits claim on appeal]; *People v. Scott* (1994) 9 Cal.4th 331, 353.)

[Citation.] Indeed, a trial court need only do so where it has doubts about the defendant's [mental] competence . . . ." (*Mickel*, *supra*, 2 Cal.5th at p. 208.) "Only where the court is presented with substantial evidence of mental incompetence is a defendant 'entitled to a section 1368 hearing as a matter of right.' " (*Mickel*, at pp. 201–202.) On remand, however, if the trial court were to doubt Bacci's mental competence and is "presented with substantial evidence" of incompetency, Bacci would be entitled to a competency hearing as a matter of right. (*Id*. at p. 202.)

If Bacci declines to waive counsel, or the trial court doubts Bacci's competency to waive his right to counsel or otherwise denies any renewed request to waive counsel, the trial court should conduct further proceedings as required, including a new resentencing hearing with Bacci assisted by defense counsel.

### III. DISPOSITION

The judgment is conditionally reversed, and the matter is remanded to the trial court with directions to properly advise Bacci of the dangers and disadvantages of self-representation. If, after being properly advised, Bacci knowingly and intelligently waives his right to counsel, and the trial court grants Bacci's request for self-representation, the trial court shall reimpose the judgment sentencing Bacci to 27 years 8 months in prison. If Bacci declines or is otherwise denied self-representation, the trial court shall conduct further proceedings consistent with this opinion.

_____

LIE, J.

WE CONCUR:

_____

GROVER, Acting P. J.

_____

WILSON, J.

*People v. Bacci*
H051597